[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is a two count complaint seeking damages against a social worker, investigator for the Department of Children and Families ("DCF") alleging that she improperly disclosed confidential information concerning plaintiffs history with DOF.
Count One alleges violations of the confidentiality requirements of General Statutes § 17a-28 and Count Two alleges intentional infliction of emotional distress.
Defendant has moved to dismiss both counts on the ground that this court has no jurisdiction because plaintiff has failed to obtain permission to sue the defendant state employee who is protected by the sovereign immunity of the state.
The plaintiff has alleged that the defendant disclosed information that is considered confidential under § 17a-28 (b) in the presence of the plaintiffs partner, a day care licensing CT Page 11045 agent and several children clients of the plaintiff. General Statutes § 17a-28 (n)(1) states in pertinent part that
 [a]ny person . . ., aggrieved by a violation of subsection (b) . . . of this section . . . may seek judicial relief in the same manner as provided in section 52-146j . . .
General Statutes § 52-146j states in part
 (a) [a]ny person aggrieved . . . may petition the superior court for appropriate relief, including temporary and permanent injunctions.
 (b) Any person aggrieved . . . may prove a cause of action for civil damages.
Reading these statutes together leads to the conclusion that the legislature has expressly waived sovereign immunity for those aggrieved by a violation of § 17a-28 (b). See Babes v. Bennett, supra, 247 Conn. 256, 262 (1978), which contains the following language:
 [W]hen the state waives sovereign immunity by statute a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed . . . Where there is any doubt about [the] meaning or intent [of a statute in derogation of sovereign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication.
(Citations omitted; internal quotation marks omitted.)
Our Appellate Court has approved, at least by implication, the use of these two statutes in conjunction as a waiver of sovereign immunity. See Sarah M.S.v. Department of Children Families, 49 Conn. App. (1998).
 The plaintiffs complaint is brought pursuant to 17a-28
(m)(1), which authorizes any persons aggrieved by violations of certain subsections of § 17a-28 to seek judicial relief in the same manner as provided in General Statutes § 52-146j.).
CT Page 11046
Since the plaintiff may maintain an action for civil damages or an injunction against the defendant, pursuant to General Statutes § 52-146j (a) the motion to dismiss is denied as to the first count.
 II
The second count of the complaint sets out a claim for intentional infliction of emotional distress. Since plaintiff has alleged intentional conduct by the defendant that would be in contravention of the applicable statutes, the motion to dismiss is denied as to this count. Antimerella v. Rioux, 229 Conn. 479,493, (1994).
 III
Any claim by defendant that punitive or other damages being sought by plaintiff is improper should be addressed by motions other than one invoking a lack of jurisdiction.
Motion to dismiss denied.
Jerry Wagner State Judge Referee